Case number 12-2087, City of Pontiac Retired Employees Association v. Louis Schimmel et al. Oral argument is not to exceed 20 minutes per side. Mr. Gibbs for the appellant. Good afternoon, your honors. Alec Gibbs appearing on behalf of appellants. I would ask to reserve five minutes of rebuttal and proceed. This case presents a question for this court as to whether or not the contract's clause can be rendered a nullity by the adoption of Michigan's Public Act 4. And included within that broad question are two ways that this court can resolve this matter today. One is by finding that it can avoid the difficult federal constitutional questions by addressing what the people have already decided in Michigan, which is the repeal of Public Act 4 by way of referendum. Public Act 4 was in effect at the time that the orders in this case were issued. And it was an act that created what's known as an emergency manager receivership estate for certain cities in the state of Michigan. As detailed pretty well in the amicus brief submitted by the Sugar Law Center, the act replaced a predecessor statute known as Public Act 72. This statute did not include the power to abrogate collective bargaining agreements and other contracts. This was an expansion, a significant expansion of the predecessor statute that was given effect in March of 2011. The orders at issue in this case were directed at existing collective bargaining agreements that provided for retiree health care coverage and other post-employment benefits. This coverage had been in place and uncontested for a period of decades, as is established through the verified complaints that were submitted in this case and the declarations, as well as the ordinance from Chapter 92 of the Pontiac Code of Ordinances and other materials. There was no reasonable question about the existence of these contractual applications until the orders were issued. The orders were issued in December of 2011, but the cost-sharing provisions of those orders did not take effect until July of 2012. The plaintiffs in this case that I represent are retirees who had pre-existing medical conditions and were adversely impacted by the issuance of these orders and were forced to choose between medically necessary care and providing for basic necessities. They submitted declarations in support of the kinds of injuries that they were experiencing and anticipated they would experience in the lead-up to oral arguments before the lower court in this case. When the court considered these orders, it did not address the contracts clause in full because it decided that the orders that were issued were not legislative in nature and accordingly found that plaintiffs could not meet the burden on the contracts clause on that basis alone. Additionally, the court found that contracts and the ordinance that it established, the entitlement to these benefits, did not create property interests under state law and moreover that plaintiffs could not establish irreparable injury. These matters were appealed to this court in August of 2012 and the decision in the district court was issued July 17th of 2012. At the same time that this case was being appealed, the Michigan Supreme Court decided the case of Stand Up for Democracy. What that case did was direct the State Board of Canvassers to place Public Act 4 on the ballot for a referendum. The petitions in support of that referendum question had been submitted to the Board of Canvassers in April of 2012, well before the cost-sharing provisions in these orders were to take effect. Under Michigan law, the Michigan Supreme Court found that there was a clear legal duty to certify the petitions at that time. Had the petitions been certified as was proper, the act would have been suspended during the proceedings and before the cost-sharing provisions went into effect. When we appealed this case initially, the suspension had been put into effect following the August placement on the ballot by the State Board of Canvassers and we noted that in our opening brief. It had not been addressed by the lower court and, of course, there had still not been a repeal by way of referendum at that time. We did note in our reply brief in this case that the referendum had effectively repealed Public Act 4 in late November of 2012. This was an issue that we were asked to address before the panel in this case and we did so. We offered at that time to supplement briefing and we sought concurrence from the City of Pontiac on a motion to provide supplemental briefing that was denied, but we submitted a notice of supplemental authority to provide the court with some of the citations to authority that we thought were relevant. In August of 2013, the panel issued a decision holding that the lower court's decision should be vacated and the case remanded to determine not only the effect of the repeal of Public Act 4, but also the effect of the apparent failure to abide by the two-thirds rule to give the act immediate effect in March of 2011. Subsequent to that, the State of Michigan, which had filed a motion to intervene after this issue was addressed in oral arguments, petitioned this court for a rehearing en banc as did the City of Pontiac and that is what we are here to do and to consider today. What is clear from the record in this case is that there was a decision made by the people of the State of Michigan who reserved to themselves the power to make these decisions under our Constitution to repeal Public Act 4 by way of referendum in November of 2012. And as is detailed in the briefs in this case, that had the effect of rendering Public Act 4 null and void from inception. We know that this is true not simply because of my assertion, but because the Michigan Supreme Court has weighed in on this issue. The Michigan Supreme Court found that pending challenges to Public Act 4 before it were moot because Public Act 4 had no effect. And in addition to that, the Michigan Court of Appeals in the Davis v. Roberts case found that Public Act 72, which had been repealed by Public Act 4, was reinstated. And the only way that that could have happened is if Public Act 4 was never implemented to begin with, had never been enacted. This is also consistent with the decision on the part of the Michigan State Legislature to put into the successor statute passed at a later date some provisions recognizing that some actions, not any actions that are at issue here, but some other actions taken under Public Act 4 were recognized as being valid, continuing validity of those actions. This court has both the ability and the obligation, we believe, to honor the will of Michigan's voters and to recognize that this referendum invalidated the orders from the beginning. We've addressed the Younger, Buford, and Pullman arguments. And in essence, there's no, to my knowledge, state court case that addresses these challenges to Public Act 4 that's pending in which the retirees have an ability to raise these issues, particularly in light of the fact that the Michigan Supreme Court has spoken on the issue and deemed challenges to PA 4 moot. With respect to Buford, there's no comprehensive regulatory scheme left, even if there was an administrative proceeding, none of which has been identified, because Public Act 4, again, was repealed in its entirety. With respect to Pullman, again, the courts have spoken. Are you going to get to issues that were actually before the district judge at some point here? Yes. With respect to Pullman, we don't believe that there's any state law that's unclear and it's inapplicable. Moreover, at no point did we waive the issue of constitutional avoidance in the effect of Public Act 4, as I indicated we had attempted to address it. Turning to the substantive federal challenges, the lower court's decision rests on a number of erroneous legal principles, the chief one of which defining that there was no legislative action that was taken. This court has since issued a decision in Welch v. Brown that shows that these orders that attempt to modify contracts are, in fact, legislative action. And it's clear from the plain language of Public Act 4 that the state sovereign power to do that was delegated to emergency managers. Public Act 4, through these orders, affected a change in state law that extinguished any ability to seek a remedy through breach of contract or through any other state action or through a grievance procedure if one was even available, which it isn't for reasons that we outlined in the initial briefing. It also operated as a substantial impairment. Even the dissenting opinion in the initial panel case recognized that. There was a significant change in coverage and the extinguishment of some benefits altogether for retirees, and there's not really a reasonable dispute on that question. Let me ask you, if we were, for the purposes of argument, to conclude that there was legislative action here, what action do you think this court should take? The district court did not get to the issues of substantial impairment and reasonable and necessary, those sort of determinations. Does this matter? Can we or should we determine those issues? Or will we need to remand to the district court for the district court to make factual findings, more fully develop the record? What do you think needs to happen? Yes, I believe that if it comes down to addressing whether or not those issues have to be developed because of the refinement of the point on the state legislative action, yes, it needs to be developed further before the district court. We submitted documentary evidence in support of these points, and the district court never addressed them, and there was no evidentiary hearing, although it was clear that that's what we were seeking. He simply announced that we would have 20 minutes, and there was no time provided for that. But I do think that it is necessary to develop it, particularly because the parties don't dispute that there's an existence of a budget surplus in this case at the time that these orders are set to take effect. There's no dispute that the debt that was set to mature decades in advance was paid off immediately using this surplus, while other short-term debt was abrogated using these powers. As a practical matter, if I might interject for just a second, did the emergency manager then go ahead and use those alleged surplus funds to retire the other debt? Yes. So if that – I understand the argument you would make if that money had not been spent and was still available to serve to eliminate or reduce the need to reduce employee benefits. I get that. But if the money's already been spent, what would the relief be if Pontiac doesn't have the money to restore these retiree benefits when and if we sent this case back? Well, I think that that's an issue that has to be addressed by looking at what the current state of Pontiac's finances are. Pontiac no longer has an emergency manager and is operating under a different law. So why would we send something back for findings as to what happened under an old law and an old emergency manager some time ago that really in terms of your client's current interest, unless I'm missing something, seems to me has hardly any current relevance? It might be interesting academically. Well, I think that it certainly is relevant first to their claims as against the city of Pontiac and also in terms of the equitable relief that is available. There may have been intervening facts that have developed, but that calls for a remand so that those issues as well as the issues that weren't considered initially can be evaluated. I can't speak to – You refer in your reply brief to Public Act 436, which apparently is the successor to 4, but you don't really tell us very much about how you think that affects the case or what you would want to do. You don't tell us you would want to amend in the district court. You don't tell us anything about mootness. Can you elaborate a little bit? Yes, and I apologize. I was limited by the page restrictions in my briefing from the order that was issued. But yes, we would address those issues on remand and to the extent that it was necessary, seek to amend the complaint possibly. I don't know. I think that that's something that the lower court has to consider first. I don't know that we have enough facts because there's different procedures in place for taking actions under 436. There are changes into state revenue sharing. There have been changes into revenue. There have been significant – The point is we don't remand if there's no relief that you can obtain in connection with remanded proceedings. So it would be interesting to have some idea of what you believe you can accomplish and how it would be accomplished given all of these intervening facts and the payout of the very money that you're now saying made the decision to be unreasonable and unnecessary. If you could articulate maybe when you come back, what do you expect to get if we remand it? We can certainly seek – we expect to seek the same relief. It's just that there are going to be facts that will be addressed on remand that because of the time change were not addressed initially and because we were not given an opportunity to. One more thing while you're thinking about it because your red light's on. I understand where you might be going in connection with the merits, but keep in mind we're reviewing a decision on the denial of a motion for preliminary injunctive relief. So if we're remanding it back in connection with findings that go to preliminary injunctive relief, it seems to me that – I didn't understand this until this afternoon, but it seems to me that preliminary injunctive relief in connection with that action of that emergency manager, that horse might have left the barn a long time ago. So maybe you're right about what you could do when this case got to the merits, but what's the point of sending it back in connection with preliminary injunctive relief? I can address that when I come back or I can address it. You can address it now. The fact that this money was used does not mean that there is no money for the City of Pontiac to pay for its benefits or that there were not alternative options. There are a couple of alternative options discussed in some of the documentary evidence we gave, including the millage proposal, including the use of other revenues and rescinding abatements. There are other remedies that could be taken. The question with respect to this hearing and the existence of a legitimate purpose and the reasonableness and necessity of these modifications at issue here, that question, of course, the role of the budget surplus is important there because there's no basis for finding that these modifications were reasonable and necessary at the time. Additionally, this issue has to be adjudicated and considered in connection with any other kind of relief because we're not just talking about equitable relief to restore a certain benefit level as well. I think that this is something that has to be addressed by the lower court and my clients still don't have the coverage that they need to meet medically necessary care requirements. There's still a very live controversy as far as what relief they're seeking and what we can establish on remand. Your time is short. Maybe this is something you could think about for when you come back and rebuttal. But I would like you to think about an argument that you haven't made today but that's in your briefing regarding the bankruptcy clause. I guess I'm particularly interested in your argument as to why this unilateral modification of contracts involving these retirees would be a method of composition under Section 9 of the Bankruptcy Code and therefore prohibited. I don't know if you have a 15-second answer right now or if you want to just answer that when you return. I do. The composition affects debt levels and anything that reduces the debt level is a composition. Our position is that it's analyzed under Section 903 and 903 was in response to a Supreme Court decision that came outside of the bankruptcy context so it's clear it applies outside of there based on the text of the legislative history. Thank you. Your time is up. Good afternoon. Steve Hitchcock on behalf of the defendant at Pelley's. I intend to argue today about the federal issues that were in the original briefing in this case and the supplemental brief and I'm dividing my time with Mr. Lindstrom from the Michigan Attorney General's Office who will address the state law issues that were raised in the August 2013 remand to the district court. The first thing that we've got to look at in this case and be cognitive of is that the plaintiff in this case is now trying to assert new facts and new legal arguments in his supplemental brief that were never before the trial court and were never in the original briefing to this court which was limited to the federal law issues and he asserts those things as now that there's a facial constitutional challenge to the act which appeared first and I think it may be in his reply. Why don't we talk about the issue that Judge Cole just mentioned which is the section 903. Is that in your purview? Yes. Okay. I don't think that that's a composition of the court. All right. Well, let me ask you a question. I mean, why isn't that a method of composition? It seems to be really no different in its bottom line from what, say, New Jersey was doing in Fatute and in other cases where this term of art has been used. So, I mean, why isn't this one of the easier questions in the case? Because this is not a permanent, assuming there is a contract right, this is not a permanent change to that contract. Well, not permanent in the sense that nothing is but, I mean, there's no end in sight for the modification. Well, both the order of the EM and the approval of it by the Department of Treasury makes it temporary. It says that, but there's no end in sight, right? Well, it can't last beyond the receivership. So the minute the city is to recover satisfactorily so that the state removes it from receivership, then that order goes away. What are the sources to which you are looking for your definition of method of composition? Well, I think that the cases that were cited, they were all addressing where you're making a permanent modification to a contractual right. Well, is that the essential element? Or is the essential element that it's not perhaps a unilateral modification, but it's an agreement on both sides? Well, if it doesn't have to be a permanent modification, then all the case law that we have that's developed under the clause regarding impairment of contracts would not be valid either, because those were all temporary modifications of the contract. Most of it was a mortgage. Tell me to understand your view, which apparently is that whether it's a method of composition depends on whether it's a permanent modification or not. Tell me what's the best case of that principle, because that's not exactly what I'm getting out of the authorities I've looked at. Well, I can't give you the exact site now for that. But I would suggest that we also look back at the history, as I started to say, of the contract impairments clause and the cases under that where there were other cases beginning with the mortgage. How would you define a term in the bankruptcy code by looking at, I mean, are you talking about contract clause cases? Yes, because a lot of those cases would have also then been in composition under the definition that you're suggesting to me. I'm not suggesting any definition. I'm trying to understand yours. My definition would be that the states have the right to make temporary modifications in light of the health and welfare of the citizens, which would not be a composition under the bankruptcy code. But you don't have a case. How long does temporary last? Would a 10-year bar on health care benefits be temporary? I think it probably would somewhat depend upon the length of the contract. So, obviously, if it was for the life of the contract, that certainly wouldn't be temporary. And so the shorter your contract would be, you might have less room for modification of it without it being a composition. And what was the length of the contract here? Well, the plaintiffs are arguing that it's for the rest of their lives. Which raises a question that's been troubling me as I wandered my way through this, which is that this, as Judge McKee has pointed out, is before us with regard to a denial of a preliminary assumption where the plaintiff's burden is to demonstrate a likelihood of success. But we don't have any of those contracts, the collective bargaining agreements, that are any more recent than expiring in 2006. And I don't understand why we don't, but I also don't understand what we should be looking to to try to figure out what any more current collective bargaining agreement would have provided. I think you should limit your review to looking at the fact that what was the record that was before the trial court and did he abuse his discretion, and you have to give high deference to his use of that discretion under the decisions, and that you can't now try to expand the record into other things. If the plaintiff wants to expand the record, he should be going back to the trial court and he should be amending his complaint and raising those issues with the trial court if he thinks that these other issues that he didn't present, which was his burden at the time before the trial court to present, because he was the one asking for the injunctive relief. Well, of course he can't. Sorry. Did the district court stay the proceedings pending our review? No. So both parties have been going back to the district court? Well, I think there was a stay of the proceedings. That's right. Right, so the plaintiff and you have not been able to go back to the district court except to seek a lifting of the stay. Yeah, he could have asked for a lifting of the stay. So a ruling is necessary from this court on the likelihood of success on the merits as part of the preliminary injunctive issue in order to give guidance to the district court as to legal issues that might be involved in the case. Well, I think you could just affirm the district court's denial of the injunction and then let the plaintiff, if he thinks he's got additional facts, that would change the judge's mind to go back to the judge with those facts to try to get an injunction. I mean, we can't go backwards in this case where, I mean, we physically could not provide the coverage that used to exist. There's one thing that's never made clear in the briefing, but you have to remember this. They don't really want the coverage that's called for in their contracts because what they want is they want 2013 coverage  but they want the pricing to them to be what it was in the 70s or 80s while the city is providing for additional coverages for them because federal law and some state law has mandated that many more things are in contracts now for health insurance than they used to be. And it's changing again in 2014 with the Affordable Care Act that's now requiring that a policy that's issued be more coverage. They're taking us into the future and into current times. I'm just trying to explain why we can't go backwards as is being suggested by the plaintiff's attorney and try to somehow reinstate an injunction or get an injunction on those old facts that are no longer particularly relevant and that it's not physically possible to even do that. Mr. Hitchcock, let me ask you another question about the Section 903 issue. If we were to conclude that Public Act 4, and particularly the subsections J and K, which say you can modify and terminate contracts, if those do prescribe a method of composition of indebtedness within the meaning of Section 903, would you agree, just to narrow the range of dispute here, that Public Act 4, as applied here, is preempted by Section 903 unless Section 903 is itself unconstitutional as applied in this case? Yes. Okay. I appreciate that. Just to clarify. Does it actually have to be unconstitutional or does the meaning of Section 903, particularly informed by the presumption against preemption, is it affected by, it seems to me the argument that's being advanced by the other side that 903 does preempt, seems to then contravene the Contracts Clause because if the retirees don't prevail on the Contracts Clause because the action was reasonable or necessary, then you're just obviating all the Contracts Clause language any time a municipality tries to compromise or adjust a debt outside of bankruptcy. You're saying that's your exclusive remedy, which seems to be inconsistent with the Contracts Clause, which is, by the way, what Collier and Norton seem to suggest. Good enough for you? Let me ask you a question about that, if I may. We'll just go out and talk here. The Contracts Clause is a limitation upon state power. It's not a grant upon state power. So that particular limitation upon state power does not apply in a particular case. It would not seem to exclude the application of some other limitation. It could be constitutional. It could be statutory. Here it's kind of both, Section 903 and the Supremacy Clause. We must have come an awful long way in our Contracts Clause law if we would conclude that the Contracts Clause, which by its terms severely limits state power, somehow protects this act from preemption under a power that Congress exercised. I would agree with you that I don't think that they're mutually exclusive. So you could violate both potentially. Well, why does the Contracts Clause question even matter to preemption? Okay, fine. It's not violative. Public Act 3 perhaps is not violative of the Contracts Clause, but Congress could still preempt it if it wants to, right? Yes. Okay. The states agreed to the bankruptcy provision in the U.S. Constitution when they adopted it, and so the bankruptcy could have provision that... But isn't the whole discussion here whether Chapter 9, which was intended to protect state sovereignty, then was intended to have the effect of saying municipal bankruptcy was your only option by virtue of that exclusionary language? That's what we're trying to figure out. Correct. Would that be the only remedy that would be available for this situation? Would it be the Bankruptcy Code if the actions that were taken constitute a composition? And I think that that is correct, but I don't think that that was the intent by the term composition of the claim. Because otherwise, if it was, then you've got all of the powers of the state with respect to health, safety, and welfare of its citizens that could be completely wiped out by any action that they took that might be a amendment to or a temporary stay of some kinds of actions that were necessary for the public health and safety. Which is pretty much where the states were for the first 170 years of our... you know, after the ratification of the Constitution until Glaisdell. But I appreciate your answers. Maybe I missed it, but I think it is before you take your seat. Tell us how you are defining a composition of debt for purposes of your argument. That a composition of the debt... We don't have a debt that is permanently modified for it to be a composition of that debt. To the extent that they have a right to a lifetime health insurance, we're not trying to modify that contractual right. And our opinion on this, the city's, is that they have a right to lifetime healthcare. They just don't have a right to the specific healthcare that they once might have had at the time of their retirement. And in fact, they have not had that historically, although it's not well-developed in the record, I would agree, since they retired. There's been numerous changes in those plans. So that goes back to the earlier discussion. What's the definition of the word permanent? How long is... If that's what we're going to talk about, a permanent modification, and all of these other factors, there's more to mention, length of the contract and other things, we'll also figure into that calculus. So we have to know those things before we can determine whether or not, if we have to make that call, whether or not something is a permanent modification. And I would suggest to you that the line on that is that if you're talking about a contractual right to health insurance for their lifetime, it gets modified for a window period of, you know, three or four years in that area, that that's not a composition. And it's particularly in light of the fact that if you look at it, what we're really talking about here is they went to a higher deductible. They still had the health insurance after these changes. They went to a higher deductible of $750 a year. Instead, I think it was $250 that they had. So is that a composition of their right to health insurance? But that was not the only change, right? I mean, there were... Well, that and the... ...modifications that Judge Zakoff listed... No, the two main... ...modifications... The underlying policy language as to what is covered is not degraded by this decision, by this action, by this emergency manager. They did get higher co-pays on their prescription drugs, and they had a $750 co-pay. But they... Various kinds of insurance to eliminate dental or vision or something like that. And there was temporary elimination of dental. Could I ask you a hypothetical question just so I understand your definition? Let's say the state owes some people the obligation to perform a service for a certain amount of time, maybe clean their sidewalks when it snows or something for the next 20 years, and that is just eliminated. Is that a composition of a debt? Eliminated for the whole 20 years, for permanently. We no longer have to do that. Is that a composition of a debt? That might be a composition of a debt because you have... So it doesn't have to do with whether you're owing money or providing a service. It's just how permanent it is under your definition. Yeah, well, if they were providing a service and they were expending money to provide that service. I just want to understand. The state wasn't providing a service here, though. It was paying a bill, right, for the health care? The state's not paying that bill. The city is paying that bill. I'm sorry. I apologize. The city, right? I mean, the city is not providing doctors. The city is writing checks for health care coverage. Correct. Okay. Dawn, thank you. Very quickly. I gather from your discussion of what a method of composition is, you're not familiar with our Henry Goldberg decision, which is a pretty old case, but it discusses specifically what it is. And I gather that's not a part of what is informing your definition, is it? I don't specifically remember that case, but I have looked at the cases on this. You're covering completely the contract clause claim. Is that correct? Yes. I'm struggling a little bit with understanding the analysis of the contract clause claim. In some of the briefing, there's a general summary of the actions of the emergency manager and then the conclusion that they were reasonable and necessary. Is that the core of your – you take the components of the contract clause claim and you find that the actions were reasonable and necessary? Yes. If you look at the actions that were taken by the emergency manager prior to changing any of the health care, the cuts that were being made, significant cuts were all laid out there, and play that into the financial picture of the city, and clearly to change them from a $250 to a $750 deductible and to increase their co-pays from $2 to $7 on a prescription is certainly reasonable in light of this picture, and it certainly was necessary. It definitely was necessary because the city had done all these things that it could do and eliminated hundreds of jobs, for example, prior to making these cuts, and they were down where they still could not – the emergency manager could not balance the budget because the biggest debt that they have in the city is the health care, which at that time was $15 million. I think that's where I'm struggling. I'm seeing a relationship between that argument and the bankruptcy law issue because in the briefing, the analysis is made that because these were reasonable and necessary, we should not take that up because there are no objective standards against which to assess the merits of the many alternatives that the emergency manager had to consider, and it just strikes me that that argument really is an argument for the necessity of pursuing these remedies through the bankruptcy court. Help me understand why that's not so. The component of the reasonable and necessary analysis has three basic steps. Is there an impairment? Was it treated on par with other policy alternatives? Was there an evident and moderate course that would serve that purpose equally well? And was the impairment reasonable in light of all the surrounding circumstances? I think we can agree that those are the three basic components that come out of the U.S. trust case to determine reasonable and necessary. It just seems to me that when you're looking at the reasonable and necessary test, isn't it more reasonable that those issues would be resolved by a bankruptcy judge who has all of the creditors before him or her, the arguments of every creditor, and the answer of the debtor, and who knows the objective governing standards regarding the resolution of debt issues? Why doesn't the contracts clause test point us to the bankruptcy court? Well, I think that they're mutually exclusive. One could exist without the other. And the whole purpose of Public Act 4, when you look at it, what the legislature said their intent was, it was to try to prevent bankruptcy by having a method by which the financial situation of the city could be addressed. And you could have one person who could try to right the ship, so to speak, and not be in bankruptcy. But under that analysis, doesn't that one person righting the ship have to honor the contracts clause? And we're still getting to the same question. I agree with you. They are independent of one another. But my question to you is, doesn't our contract clause jurisprudence and the nature of the test itself direct you to determining that the more reasonable course of action is that this should be pursued in the bankruptcy court? I don't understand it that way, no. I think that he's trying to pursue a course of action to avoid bankruptcy because the consequences to the retirees in bankruptcy are more significant than what had happened to them by the emergency matters order. The bankruptcy court does have the authority and is not limited by the contracts clause and could eliminate entirely the health care for the retirees. Or could eliminate entirely the payment of some sort of a bond requirement or could refuse to pay GM $2 million. I mean, isn't the essence of the question, how do you balance and weigh the options available and what party is the most expeditious and reasonable location at which to make that balancing? Maybe we're not on the same spot, but I'm not understanding why under the specific parameters of the contract clause test, it does not point us to the most reasonable and viable method of resolving these issues is before a bankruptcy judge, a neutral arbitrator, as opposed to an appointed emergency manager. I think the only answer I can have for you is that certainly was not the intent of the Michigan legislature when it adopted Public Act 4 and its successor act. And that while, as we've discussed earlier, I think it's possible that an emergency manager could take an act regarding a contract that might constitute a composition of it and therefore trip himself right into a bankruptcy issue, but they don't necessarily have to do that. That you could make reasonable modifications that are temporary to a contract that don't trigger the bankruptcy provisions and have an alternate method by which you could try to right the ship other than bankruptcy. And do you still then maintain that this court is not suited to review that decision because we don't have the objective standards that are necessary to determine, among all the available options, what was the reasonable and necessary action to be taken? I think that you should not do that because you should be limited by the record that is before you from the trial court and what they reviewed and the fact that it's not on the merits of the ultimate case. It's only whether or not an injunction should be issued. And with that, since your light has been on for some serious amount of time and we have asked a lot of questions, we will move to your compatriot here. Good afternoon. Aaron Lindstrom for the State of Michigan. Chief Judge Batchelder. May it please the Court. I had intended to start on talking about constitutional avoidance and any of the state law questions that the Court has, so I'd like to probably quickly address a few points on that. But then if you'd like to, I'd be happy to address the bankruptcy and the contract clause questions as well. To gather the majority of the panel, many of my colleagues are very concerned about the bankruptcy prevention issue, whether 903 sub 1, bankruptcy proposed, preempts all actions taken by a Michigan emergency manager. In effect, all of the Michigan emergency manager laws, 4 and 436, are preempted by the bankruptcy code. Tell us why they are and why they're not. Well, I think, first of all, the way you've phrased it, and this is the way the plaintiffs have suggested it too, is that it would be facially true. So at a minimum, the fact that modifying some contracts, it would be possible to modify some contracts without it rising to the level of a composition. So to consider it struck down on a facial matter, that seems to me to be definitely overreaching the relief that we granted. But in any event, as to how it applies here, I think the composition of a debt, as I understand it, goes to the distinction that was drawn by Judge Rogers, which is a debt is something that's been reduced to a money amount and reducing a money amount, relieving that permanently as the bankruptcy procedure does. So that's something that can never again be held against that person. It's quite different from a temporary modification to a contract that goes forward where that contract benefit can be re-established over time and will be re-established over time later. Go ahead, I'm sorry. That definition you used just then, what would be a distinction between something, between a discharge and an adjustment? I mean, I heard you say something being gone forever, but the bankruptcy also allows for adjustments, which is more now that it's composition. Correct? Right. My understanding was that composition was more going to the permanent relief and not to an adjustment, that composition was more permanent stuff. But I think the broader point that I'd like to make is that it's not the exclusive remedy that's available. That argument, if it's correct, means that the states no longer have any authority to use receivership, which is a process that's been available to the states from the beginning. Well, I mean, isn't that a bit of an overstatement? I mean, the state could still do that for purposes of controlling the municipalities, taxation, internal governance, its own spending. But the water's edge for that power might be when the receiver starts to abrogate rights, contractual rights of third parties. So you could still have receiverships, but you just can't do what the contracts clause says you can't do, although that's not the issue I'm focused on. Right. I mean, that's not so radical, is it? I think it would be radical because it means that the only option left to the state to deal with this sort of thing is to go into bankruptcy. There's no other choice. That's what Congress said in Section 903, isn't it? I don't think so. I think it's focused on laws that are prescribing a method of composition indebtedness. So if that's what the law does, the mere fact that the law authorizes modification of a contract, it seems like there's some space between the two, and that they're not exactly the same thing. There may be some modifications that are not prescribing a method of composition. So Congress didn't go so far as to say there can never be any modifications to contracts. So there's some space between the bankruptcy clause and the contracts clause on that point. And I think, I guess this might go to Judge Stranch's point about who should be making these decisions. This is the type of decision that a state, when it's talking about one of its own portions of government, we're talking about the state's ability and the city's ability to protect a local government. It is different than in the private context. So the state's ability to make these decisions about how to handle the ongoing viability of a city is something that the state, in the exercise of its sovereign powers, should have the authority to do. It's not the same as just a mere bankruptcy. And maybe you just answered it, but if Public Act 4 does prescribe a method of composition, let's say we conclude that. I know you disagree with that. But if we concluded that and we then have to find 903 unconstitutional as applied to Public Act 4 in order to avoid preemption, what's the unconstitutionality? Is it some Tenth Amendment issue? Well, the Supreme Court has made it clear in the context of bankruptcy that the Tenth Amendment is a valid thing. What aspect of inherent state sovereignty is at issue here? And I'll just put my cards on the table. It's not commandeering. I mean, this isn't like Prince at all, I would suggest. And I think that the terms of the contract clause itself refute in a way that the Constitution's terms rarely do, specifically refute the idea that part of a state's retained inherent sovereignty coming out of the Constitutional Convention was its power to impair contracts. And if that reputation is true, then aren't you kind of out of bullets on the idea that this is offensive to state sovereignty? No, Your Honor. I think that that would eliminate the whole line of contracts laws cases that says that the state can impair contracts, and that doesn't require it to be done in bankruptcy. So the whole contracts line of cases that the United States Supreme Court has had has recognized that without going into bankruptcy, without exercising that federal power, the states have some authority, which they can determine there's a legitimate state purpose, and it's reasonable and necessary. They can do that. They can impair that contract. That means one limitation doesn't apply, but Congress has now put another limitation on the state's power to abrogate the debts of its political subdivisions. I mean, Fatute is probably your best case, but this case is a long way from Fatute. It really is. In process, et cetera. Go ahead. I'm sorry, I'm interrupting. No, not at all. Please. I think the question then would be if Congress can, you know, by changing that, throw out the entire contracts clause analysis. It's not. It's still there. I mean, they can abrogate contracts, you know, between other people all they want, but if they start to do something that looks like a municipal bankruptcy, that's when Section 903 says this is the federal law preempts this, and if you want to do this, you've got to come over here where we have a bunch of rules and laws rather than, you know, one man deciding what gets rejected and terminated. Well, first of all, the one man distinction would not distinguish the bankruptcy context. Right, but I mean, the federal bankruptcy process is vastly different from the process here. I mean, they had one meeting with a representative, and then that's it for the contract. And, you know, maybe they need to do that in the city, but there's zero comparison to what happened in Pontiac and what's happening in Detroit, I would suggest. I agree that this case does not undermine the Detroit bankruptcy. I want to be clear on that. Right, and I'm not intimating anything about the Detroit situation. But, I mean, it's just, you know, Chapter 9 is a whole different ballgame than what this act says in a page or two. Well, it's true, but I guess that goes to the point that it's not establishing a method of composition. I mean, the bankruptcy process, I think what Section 403 here is talking about, is the fact that the state is not allowed to establish a bankruptcy process. I don't know that there's any case law that says that was intended to change the existing authority that the state already had. And I guess one other point I would address, one of the points Judge Givens, you made earlier, is whether it was unilateral. You pointed out that that seemed to make a difference. But if you look at the language of 403 itself, it specifically talks about the consent of others, and it wouldn't need to talk about getting consent of others if it weren't the possibility that composition could happen without that. In other words, if the definition of composition by itself already included that thought, it wouldn't need to add that. So composition could be unilateral under the language. What's the primary source for your definition? I mean, you're using the statutory provision that includes the term to define the term, but method of composition is not defined in the bankruptcy code, and I don't know that you can get the definition from context. So what other source do you have? Well, my point was purely about context, was that you can tell from the context. You don't have any other source from which you would draw the definition of method of composition? We cited a New York case in our brief. A Southern District of New York case, right. I believe it was the New York Court of Appeals. Oh, maybe. There's also the Ropico case. That's the one that's the Southern District of New York. Right, so there's other cases out there that recognizes there's a distinction. But I guess the point I was making was more of a contextual point based on the language. Could I ask a clarifying question? I think you referred to my question from before. Am I inferring that you would answer my question differently from your co-counsel? Which question? The question being what about a contractual obligation to perform a service for a period of years? You would say that's not a composition of the debt, that's something else? I would say that is different because it's not. What exactly is the difference? Because that is a different answer, first of all, from what your co-counsel says. Correct, it is. And what is the theory? I'm trying to get at it. I mean, I wondered whether there was a theory that would support a different answer. I'm wondering what that theory is. Because, you know, like Judge Ketledge says, you pay for that snow removal with money that you no longer have to pay. Why is it different from a debt? How is it different? Well, I think one difference goes to one of the things that's pointed out in the district court's opinion, which is that it's not clear in the first place that there is a contract on this very point that is establishing the property, right? So this is a few preliminary questions. Well, I'm asking a hypothetical question. I can make it a pretty binding contract in my hypothetical. Sure. Right. Well, in the context of a bankruptcy, sometimes debts are completely relieved. Sometimes contracts may be executory, and so they're adopted and they continue going forward. That's a decision that's left in the bankruptcy context. You're talking about the definition of composition of a debt, right? Right, and the point I was making is that even in the bankruptcy context, it treats existing contracts differently from a debt that's already been reduced to some sort of judgment that's been where a creditor has a defined debt that's looking backward. So you're saying composition of a debt doesn't include impairment of executory contracts? I'm suggesting there may, and I don't have a case. I don't know what the theory is for why this might make a difference. I think it does make a difference, and the point I'm trying to get at is that bankruptcy and composition of a debt is a permanent reduction of something. When we're talking about here an ongoing benefit that there's not, under this case, this court's decision in Whitmer, for example, it's not even a property interest. It's not something that has risen to that level because these clauses could be terminated. So when these things are temporary, it's different than when you're talking about when it's a temporary benefit as opposed to something that is a permanent debt. But that seems to be what your co-counsel was saying was the distinction. I thought you were arguing a separate distinction, but maybe not. Just one quick question. Can you give us any precedent for this kind of concentration of power? Municipalities, legislative and executive power are vested in one official who, in many cases, without the concurrence of anybody else, can terminate or modify contracts without any judicial review. One person can do that to contractual rights held by people outside of bankruptcy. Is there any precedent you can point us to in the history of this country, really, where that's happened? I can't point to a specific place where one person's had that sort of issue. I mean, the economic crisis that's hitting Michigan is, in itself, unprecedented. It's not something where there's been other... We had worse in the 30s. Well, in any event, the question of whether a state has the authority, it seems like part of your argument is going to the fact that the state can't give one person a lot of authority. It just strikes me as totally unprecedented in America that one official, in his own sole discretion, could walk around and terminate and modify contracts. It just strikes me as amazing. You know, maybe it's lawful, but... I think there's a few background steps. Are you arguing that that would violate the Republican form of government clause? No, it's not. It's just a reality check about whether, you know, this is a radical position to say that Section 903 prevents this. I think we have to back up a step. And, of course, PA4 is not what it's just purported to be, too. There are lots of steps and things that have to take place within PA4... Correct. ...that go beyond just simply saying one person can make one decision one time. It's never subject to review. That's what I want to back up to. Whether all those additional things contained in the Act save that problem or not, that's a different question. But he has to consult with the Treasury. There have to be certain steps before this process can even be started. The governor has to certify. There are durational limits. It says right in there that, as I understand it, it has to be temporary. It doesn't define temporary. And am I right that once the emergency manager is done, which apparently now has already happened, that emergency manager has to put forth a two-year budget that's still binding on that municipality? At the end of that two-year budgetary period under the Act, then what happens to this so-called temporary reduction? Do you know? At that point, the city resumes its authority and can decide what it wants to do if it wants to go forward and reestablish these benefits. But at that point, if the city doesn't reestablish the benefits, then there's a state law breach of contract claim available for the retirees, just like any other contract claim, isn't there? In other words, that decision isn't being made based upon PA-4 anymore. Well, I would say to follow up on that point, that they wouldn't, I think under the Whitmer case from 2012 in this court, where it said there's no lifetime right, you couldn't bring a contractual claim for lifetime health care benefits when the underlying contracts include duration limits and termination clauses, which is true for the collective bargaining agreements here. But I think I'd like to step back to the point you're making, because it's even more process that's protecting the city here. You have to remember that this was adopted through the legislative process in the state of Michigan, where the people's elected representatives got to decide whether or not we're going to create this mechanism by which it will be possible to address these financial emergencies. There's a fair amount of process perhaps on the front end, but once the emergency manager decides he wants to terminate or modify a contract, it seems like there's very little process. Now, if it's a CBA, yes, the treasurer has to concur, and that is our case. But when you compare this to, say, Fatute, I mean, there's no comparison. In Fatute, a state commission that itself regulates municipal bodies had to approve the modification. Eighty-five percent of the creditors had to approve the modification. The state Supreme Court had to find that the modification was just and fair. And so that case isn't a precedent. It just seems like this, I still see this as being unprecedented. Why isn't a part of your answer to Judge Kessler, because you've answered several questions kind of along these lines, why isn't a part of your answer the fact that the relief lies under the contracts clause and the analysis that a court must perform under that clause? I mean, you haven't mentioned that. Apparently, you don't think that's relevant to Judge Kessler's question. I do think that's relevant, and I agree with your point here that, you know, in the context of him doing this, it can be challenged as is being done in this case under contracts clause claim. It seems to me... It was your brief that said that this court should not review these decisions because there was no objective standards against which to assess the merit of the many alternatives. So what that would mean is that your emergency manager can vitiate contracts for whatever length of time a receivership goes on and perhaps two years further by budget. And your position in your brief, as I understood it, was that we are not situated to review that. We were making the point, I think, that there's deference to be given to the political decision makers who are making these processes along the way. And in the contracts clause analysis, the Supreme Court has said that, you know, has emphasized the fact that these are policy decisions. So there may be some outer bound to that to where this court would have to say that that's unreasonable and that's unnecessary. I think it would be really hard to do that in this case where the city first removed its police department and fired its police officers and fired the police officers and got rid of its fire department and eliminated the public safety departments that are the core of what a city is supposed to do. And it did this because there's a $12.3 million budget bill every year that's due to the retirees and the budget deficit is around $5 million. So an emergency always justifies. I think that's part of the concern that emergency becomes a necessity without law. Well, I think you're referring to the argument about the United States Trust Company in the New York case that talked about the emergency as quote in the briefs but that's the initial part of their analysis and they go on to recognize that the contracts clause is designed to address emergencies and they specifically recognize it as a disaster produced by an economic crisis is an emergency. So the contracts clause is being followed by recognizing its legitimate state purpose and by applying that analysis here. And with that, counsel, and all of us, we've gone so far over the allotted time. So we will bring this portion of the argument to a close. Thank you. I'll attempt to be brief in my response to these points. The question of the time period of these modifications is it's indefinite and it's clear because these orders do not contain time limitations within them and PA4 and PA436 subject the period of receivership. PA4 doesn't define receivership. PA436 and PA4 both, however, do not provide for an end to the receivership state. The removal of an emergency manager under PA436, which is in effect now, doesn't eliminate the receivership. So, in fact, these changes are in effect until the city council or somebody elects to undo them if they can even undo them. There have been cities in Michigan that have both come out from under the EM and the receivership, have there not? There were cities under PA72 that didn't provide for this power that came out of receivership. There are no cities that have come out of receivership under PA4 or PA436 because receivership encompasses what is called a transitional advisory board period in which the financial decisions are controlled by a board appointed by the executive branch. And the concept of receivership itself is actually not defined in PA4. It is in PA436. But the important point is that the modifications to impairments, there's no limitation for contracts generally that this be temporary. And there's, within the specific provisions that affect CBAs, there is a statement under that statutory provision that the modification has to be temporary. However, the orders are not temporary. They don't provide for a time limitation. And I think more importantly, it's within really the discretion of the emergency manager to decide whether or not the order is temporary and is not subject to review. Well, are you asking us to reverse the denial of a preliminary injunction? Is that the same thing as asking us to tell the district court to enter an injunction, or is this just sending it back to consider the injunction with the facts as they are today, using the proper evaluation of whatever we say in our opinion? I think that that's really the proper remedy now, yes, is to provide the necessary guidance to the court so that it can engage in the evaluation that's required under these facts. As they are today? As they are when it goes down. Does it make sense to go back and figure out whether you would have balanced things whenever it was that it was originally denied? No, I think that that will go to whether or not the modifications were reasonable and necessary at the time to the extent that that's required. I do think, though, however, when we're seeking injunctive relief, we need to take a look at what the facts are. If that's all you want, how is that any different from affirming the denial that he made a long time ago and letting you bring a new motion within the litigation, if that's proper, or a new litigation, if you want him to do something under today's conditions? Because the denial initially rested on completely erroneous legal standards. I mean, we know that the legislative impairment... That's like wanting an advisory opinion, right? I mean, for example, a judge, if he wasn't given the new facts, then in that case, simply making some legal mistakes along the way, wouldn't our doing that be more like an advisory opinion if we're telling him to look at completely new facts that weren't before him? No, it's not a direction for him to look at completely new facts. It's a direction to apply the proper legal standard to the analysis in the first instance so that when he reconsiders these issues that were raised, we aren't left with a faulty conclusion as we were... What I would counsel in favor of is a reasoned opinion acting upon the district court's ruling. I mean, if the district court is affirmed and you do a reasoned opinion, the district court has all the guidance it needs providing the issues that you would raise after amendment and any new motion for preliminary injunction based on changed facts. The district court would have everything it needed, right? If there was an opinion that addressed the substance, you're saying? Well, I mean, you know, whatever the result, if there was an opinion that addressed the substance, the district court would have guidance, correct? Well, I think that the question is whether or not the district court applied the proper standard, and the district court did not apply the proper standard here. If the district court came with a blank result for a wrong reason, we'd have to reverse it. I think that you have to take a look and see, did the district court apply... In some cases, if the legal reasoning is erroneous and it affects the analysis for the preliminary injunction factors, which does have a certain discretion bandwidth, then yes, you do have to reverse and remand within instructions to apply the proper analysis. And that would be proper relief, I think. And additionally, as I said, I do think that the state law provides an out, but a remedy is proper as well, if that's not the case. Thank you. Thank you very much, counsel. The case will be submitted.